UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ELIANTTE & CO.

                        Plaintiff,                     Civil Action No.: 20-cv-11113

  v.

                                                          **COMPLAINT**

GERVONTA DAVIS,

                      Defendants.
------------------------------------------------------------------X

Plaintiff ELIANTTE & CO., by and through their undersigned attorneys, RIVKIN RADLER LLP, as and for their Complaint against Defendant GERVONTA DAVIS, respectfully allege as follows:

## THE PARTIES

1. Plaintiff Eliantte & Co. (hereinafter "**Eliantte**") is a New York domestic corporation and a high-end jeweler located in the heart of New York City's Diamond District at 20 West 47th Street, Penthouse, New York, New York 10036. Eliantte specializes in custom made pieces.

2. Defendant Gervonta Davis ("**Davis**") is an individual who, upon information and belief, is a resident of Maryland and/or a resident in Las Vegas Nevada. Davis is a professional boxer.

## JURISDICTION and VENUE

3. Jurisdiction is appropriate pursuant to 28 U.S.C. § 1332(a)(2) insofar as Plaintiff is a New York corporation and defendant is not a resident of the State of New York. Venue is appropriate in the Southern District of New York because Eliantte is a corporation with its principal place of business located in said district. Davis deliberately solicited the business

1

arrangement at issue by visiting the principal of Plaintiff in New York County and by communications directed at Plaintiff in New York County.

## FACTUAL BACKGROUND

4. In or about early November 2019, Davis requested Elliante to manufacture and deliver several high-end items of valuable jewelry. Specifically, Davis requested: (1) a diamond tennis chain ($8,700) ; (2) a custom tank charm with emeralds and diamonds ($10,000); and (3) a highly valuable watch ($260,000) to be custom set with diamond baguettes (collectively the "**Jewelry**").

5. The value of the Jewelry that Davis requested was in the sum of $486,671.25 including applicable taxes ("**Invoice Amount**").

6. Davis stated that if the Jewelry was manufactured for him, that Davis would pay in good and valuable United States currency the Invoice Amount in exchange for the Jewelry.

7. In reliance upon Davis's representations that he would pay for the Jewelry if it was manufactured, Eliantte incurred substantial debts in acquiring the jewels and precious metals used to construct the Jewelry. In reliance upon Davis's representations that he would pay for the Jewelry, the Jewelry was custom-made to the exact specifications requested by Davis and manufactured by Eliantte's staff after many hours of careful labor and construction.

8. On or about December 28, 219, Davis requested Elliot fly to Atlanta, Georgia to deliver the Jewelry.

9. At Davis's request, and at Eliantte's expense, the principal of Eliantte travelled to Atlanta to deliver the Jewelry.

10. On or about December 28, 2019, Elliante delivered to Davis both the Jewelry and an invoice number 1138 ("**Invoice**") for the cost of the Jewelry. Notably, as stated on the Invoice,

all custom orders, which the Jewelry at issue here was, were determined to be final. Davis accepted the Jewelry and the Invoice and took possession of the same.

11. In exchange for the Jewelry, Davis delivered to Elliante a check made payable to Eliantte in the Invoice Amount ("**Check**").

12. Thereafter, Davis proudly wore the Jewelry in public, which he took from Eliantte. In fact, Davis repeatedly posted pictures of himself on social media wearing this highly valuable Jewelry.

13. After the Check was presented for payment to Eliantte's bank, the Check was returned for insufficient funds.

14. The Check for the Invoice Amount was either counterfeit or was drawn on an account that had insufficient funds to cover the face amount of the check.

15. Davis knew when he delivered the Check that the Check was either counterfeit or was drawn on an account that had insufficient funds to cover the face amount of the check.

16. Davis knowingly and willfully accepted the Jewelry and provided the fraudulent Check in payment thereof.

17. Despite due demand for payment of the Invoice Amount for more than a year, and despite repeated representations by Davis and his business manager (hereafter "**John Doe**") and other representatives that payment would be forthcoming, no payment at all has been made to Eliantte for the Jewelry.

18. Significantly, this was no accounting error or mistake. Since the Check was returned for insufficient funds, Davis has promised to make payment repeatedly but failed to do so. Moreover, this is apparently a *modus operandi* for Davis, who has undertaken the exact same practice of presenting false and/or fraudulent checks to other merchants. For example, it has been

publicly reported that Davis has been sued in the State of Pennsylvania for having presented a counterfeit check to a merchant known as Shyne Jewelers, a jeweler in Philadelphia, in exchange for, among other things, a $130,000 green Richard Mille watch, a $30,000 Rolex and about $72,000 worth of pendants. Upon information and belief, that check was proven to have been a counterfeit check.

19. Despite repeated requests over nine months for an agreement to pay for the Jewelry, and repeated promises made both by Davis and John Doe to pay for the Jewelry, on or about September 23, 2020, for the first time, counsel for Davis indicated that the watch (valued at $260,000) was "defective" and, therefore, Davis was refusing to pay for it and was going to return it. Of course, this was never stated once on any prior occasion by Davis, John Does or Davis's counsel. Moreover, all sales are final insofar as this was a custom-made piece as was noted on the invoice – a fact that both Davis, John Doe and Davis's counsel well-knew. Finally and most notably, the watch has never been returned and Davis has been posted pictures of himself on multiple occasions since that time proudly wearing that $260,000 watch. This was just another ploy by Davis and his entourage of handlers to flout their obligations to Eliantte.

## AS AND FOR A FIRST CAUSE OF ACTION:
## FRAUD

20. Plaintiffs repeat and re-allege the allegations contained in all paragraphs set forth above as if fully set forth herein.

21. Davis induced Eliantte to manufacture and deliver the Jewelry, which was custom-made, in return for a promise that Davis would pay the Invoice Amount.

22. In reliance upon Davis's representation that he would pay for the Jewelry upon manufacture and delivery, Eliantte incurred substantial debts to suppliers to acquire the precious

4

gems and metals used to manufacture the Jewelry.

23. Davis's claim that he would pay for the Jewelry upon delivery was a knowing misrepresentation. Davis had no intention of paying the Invoice Amount and, instead, knowingly and willfully presented either a counterfeit check or a check for which he knew there were insufficient funds to secure delivery of the Jewelry.

24. Plaintiff relied upon Davis's representations that he would pay the Invoice Amount to his detriment.

25. Eliantte reasonably relied upon the delivery of the Check in delivering the Jewelry to Davis in person in Atlanta, Georgia.

26. The Jewelry was delivered by Eliantte based upon Davis's knowing misrepresentations that he would pay for it.

27. Plaintiffs incurred compensatory damages as a result of the fraud in an amount to be determined at trial but no less than $486,671.25, plus the costs of travel to Atlanta and interest on any loans secured to purchase the precious gems and metals used to manufacture the Jewelry.

28. Davis acted knowingly, willfully and with malice in deliberately misleading Eliantte and its principal. The conduct here was deliberate. Davis made promises to pay for the Jewelry and Eliantte relied upon said promises to its detriment. Davis clearly never had any intention of paying for the Jewelry but, instead, used his deceit to secure the merchandise for his own personal use. Thereafter he repeatedly lied about his intentions to tender payment and lead Eliantte on a year-long effort simply to be paid the agreed upon fee and thereby causing substantial financial harm in the form of attorneys' fees and expenses simply to secure payment for merchandise that it is owed. Plaintiff is therefore entitled to additional fees in the form of punitive damages, including but not limited to the attorneys' fees and expenses that Davis has forced

Eliantte to incur to chase down this clear and obvious debt.

## AS AND FOR A SECOND CAUSE OF ACTION:
## BREACH OF CONTRACT

29. Plaintiffs repeat and re-allege the allegations contained in all paragraphs set forth above as if fully set forth herein

30. Eliantte offered to manufacture and deliver the Jewelry in exchange for payment of the Invoice Amount.

31. Davis agreed to pay the Invoice Amount in exchange for the manufacture and delivery of the Jewelry.

32. The Jewelry was manufactured and delivered.

33. Davis has failed and refused to pay the Invoice Amount.

34. Davis acted knowingly, willfully and with malice in deliberately misleading Eliantte and its principal.  The conduct here was deliberate.  Davis made promises to pay for the Jewelry and Eliantte relied upon said promises to its detriment.  Davis clearly never had any intention of paying for the Jewelry but, instead, used his deceit to secure the merchandise for his own personal use.  Thereafter he repeatedly lied about his intentions to tender payment and lead Eliantte on a year-long effort simply to be paid the agreed upon fee and thereby causing substantial financial harm in the form of attorneys' fees and expenses simply to secure payment for merchandise that it is owed.  Plaintiff is therefore entitled to additional fees in the form of punitive damages, including but not limited to the attorneys' fees and expenses that Davis has forced Eliantte to incur to chase down this clear and obvious debt.

## AS AND FOR A THIRD CAUSE OF ACTION:
## UNJUST ENRICHMENT

35. Plaintiffs repeat and re-allege the allegations contained in all paragraphs set forth above as if fully set forth herein.

36. Eliantte offered to manufacture and deliver the Jewelry in exchange for payment of the Invoice Amount.

37. Davis knowingly and willfully misrepresented that he would pay the Invoice Amount in exchange for the manufacture and delivery of the Jewelry.

38. The Jewelry was manufactured and delivered. Davis now has sole and exclusive possession of the Jewelry.

39. Davis has failed and refused to pay the Invoice Amount.

40. It is against equity and good conscience to permit Davis to fail to pay the Invoice Amount for goods that were custom made for him and that he now currently possesses.

41. Davis acted knowingly, willfully and with malice in deliberately misleading Eliantte and its principal. The conduct here was deliberate. Davis made promises to pay for the Jewelry and Eliantte relied upon said promises to its detriment. Davis clearly never had any intention of paying for the Jewelry but, instead, used his deceit to secure the merchandise for his own personal use. Thereafter he repeatedly lied about his intentions to tender payment and lead Eliantte on a year-long effort simply to be paid the agreed upon fee and thereby causing substantial financial harm in the form of attorneys' fees and expenses simply to secure payment for merchandise that it is owed. Plaintiff is therefore entitled to additional fees in the form of punitive damages, including but not limited to the attorneys' fees and expenses that Davis has forced Eliantte to incur to chase down this clear and obvious debt.

### AS AND FOR A FOURTH CAUSE OF ACTION:
### CONVERSION

42. Plaintiffs repeat and re-allege the allegations contained in all paragraphs set forth above as if fully set forth herein.

43. Eliantte manufactured the Jewelry for Davis at Davis's request which was custom-made and therefore did not permit returns.

44. Davis committed to pay money for the Jewelry in the amount of the Invoice.

45. Eliantte is therefore entitled to the amount of $486,671.25 for the Jewelry.

46. Davis failed to pay the money owed for the Jewelry.

47. The money owed to Eliantte in exchange for the Jewelry that Davis has failed and refused to pay has thereby been converted by Davis for his own use.

48. Davis acted knowingly, willfully and with malice in deliberately misleading Eliantte and its principal. The conduct here was deliberate. Davis made promises to pay for the Jewelry and Eliantte relied upon said promises to its detriment. Davis clearly never had any intention of paying for the Jewelry but, instead, used his deceit to secure the merchandise for his own personal use. Thereafter he repeatedly lied about his intentions to tender payment and lead Eliantte on a year-long effort simply to be paid the agreed upon fee and thereby causing substantial financial harm in the form of attorneys' fees and expenses simply to secure payment for merchandise that it is owed. Plaintiff is therefore entitled to additional fees in the form of punitive damages, including but not limited to the attorneys' fees and expenses that Davis has forced Eliantte to incur to chase down this clear and obvious debt.

### AS AND FOR A FIFTH CAUSE OF ACTION:
### ACCOUNT STATED

49. Plaintiffs repeat and re-allege the allegations contained in all paragraphs set forth

above as if fully set forth herein.

50. Eliantte manufactured the Jewelry for Davis at Davis's request which was custom-made and therefore did not permit returns.

51. Eliantte and Davis agreed upon a price for the Jewelry before it was manufactured.

52. Eliantte delivered the Jewelry along with the Invoice for the amount owed for the Jewelry.

53. Davis accepted the Jewelry and the Invoice upon delivery.

54. Davis never timely objected to the Jewelry or the Invoice.

55. Davis repeatedly acknowledged the debt owed for the Jewelry, in particular, the amount set forth on the Invoice.

56. Davis failed and refused to satisfy the Invoice and pay the sums owed for the Jewelry.

57. An account was therefore stated for the sum owed on the Invoice.

58. Eliantte is therefore entitled to the amount of $486,671.25 for the Jewelry.

59. Davis acted knowingly, willfully and with malice in deliberately misleading Eliantte and its principal. The conduct here was deliberate. Davis made promises to pay for the Jewelry and Eliantte relied upon said promises to its detriment. Davis clearly never had any intention of paying for the Jewelry but, instead, used his deceit to secure the merchandise for his own personal use. Thereafter he repeatedly lied about his intentions to tender payment and lead Eliantte on a year-long effort simply to be paid the agreed upon fee and thereby causing substantial financial harm in the form of attorneys' fees and expenses simply to secure payment for merchandise that it is owed. Plaintiff is therefore entitled to additional fees in the form of punitive damages, including but not limited to the attorneys' fees and expenses that Davis has forced

Eliantte to incur to chase down this clear and obvious debt.

## **JURY DEMAND**

Plaintiff demands a trial by jury as to all issues triable of right.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment as follows:

(1) Compensatory damages in an amount to be proved at trial, but no less than $486,671.25;

(2) The costs of travel to Atlanta to deliver the Jewelry;

(3) Attorneys' fees for the costs of pursuing this action;

(4) Punitive damages for the intentional, wanton, willful and malicious conduct undertaken by Davis;

(5) Statutory interest as required by law; and

(6) any such other relief as this Court deems just and proper.

Dated: Nassau, New York
December 30, 2020

                                       RIVKIN RADLER LLP
                                       *Attorneys for Plaintiff*

By: *Kenneth C. Murphy*
Kenneth C. Murphy
477 Madison Avenue,
New York, NY 10022-5843
Tel: (516) 357-3154
Cell: (917) 750-6853
Fax: (516) 357-3333
Email: Casey.Murphy@rivkin.com