IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **ELIANTE & CO.** :<br>:<br>Plaintiff, :<br>:<br>v. :<br>:<br>**GERVONTA DAVIS** :<br>Defendants :<br>:<br>:<br>:<br>: | **CIVIL ACTION NO.: 20-cv-11113** |

**DEFENDANT GERVONTA DAVIS' MEMORANDUM OF LAW IN SUPPORT OF HIS OPPOSITION TO PLAINTIFF'S PARTIAL MOTION FOR SUMMARY JUDGEMENT**

Arnold C. Joseph, Esquire
Joseph & Associates
1801 Market Street
Suite 2500
Philadelphia, Pa., 19103
Attorneys for Answering Defendant
Tel. (215) 380-8334
joseph@josephandassoc.com

**TABLE OF CONTENTS**

I. INTRODUCTION………………………………………………………………………......5

II. LEGAL ANALYSIS…………………………………………………………………….....6

    A. Summary Judgement standard……………………………………………………….6

    B. Summary Judgement on Plaintiff's account stated claim is inappropriate because the evidence shows that there was a dispute as to the quality of the Watch…………7

    C. Genuine issues of fact exist which preclude the entry of Summary Judgement with respect to Plaintiff's Breach of Contract and Conversion claims, and Plaintiff's Unjust Enrichment claim is not legally cognizable………………………….....…10

        1. Plaintiff breached the implied warranty of fitness and merchantability, with respect to the Watch……………………………………………………………….10

        2. Plaintiff's claim for Unjust Enrichment is not legally cognizable……………...12

        3. Material issues of fact exist which preclude the entry of Summary Judgement with respect to Plaintiff's Conversion claim ……………………………………14

# TABLE OF AUTHORITIES

**Cases**

*Abraham v. Volkswagen of America, Inc.*, 795 F.2d 238, 249 (2d Cir. 1986) ) ............................11
*Adesina v. Aladan Corp.*, 438 F. Supp. 2d 329, 345 (S.D.N.Y. 2006)............................................11
*APS Technology Inc. v. Brant Oilfield Management & Sales Inc.*, No. 13-cv-6500(LTS), 2015 WL 5707161 (S.D.N.Y. 2014) at *7 ...............................................................................................11
*Blanchard v. Blanchard*,201 N.Y. 134, 138, 94 N.E. 630 (1911)) .................................................12
*Blum v. Spaha Capital Mgmt., LLC*, 44 F.Supp.3d 482, 496–97 (S.D.N.Y.2014) .......................12
*Caronia v. Philip Morris* USA, Inc., 715 F.3d 417, 433 (2d Cir. 2013))........................................11
*Catalano v. BMW of North America, LLC*, 167 F.Supp.3d 540, 558 (S.D.N.Y 2016) .................11
Celotex Corp. v. Catrett, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) .............5
*Corsello*, 18 N.Y.3d at 790, 944 N.Y.S.2d 732, 967 N.E.2d 1177) ................................................12
*Diesel Props S.r.l. v. Greystone Bus. Credit II LLC*, 631 F.3d 42, 52 (2d Cir.2011) ....................10
*DiBartolo v. Abbott Labs.*, 914 F. Supp. 2d 601, 627 (S.D.N.Y. 2012)         11
*DiMare Homestead, Inc. v. Alphas Co. of New York, Inc.*, No. 09-cv-6644, 2012 WL 1155133, at *22 (S.D.N.Y. Apr. 5, 2012) ................................................................................................8
Fed.R.Civ.P. 56(c) ................................................................................................................................5
*Feldman v. Talon Paint Prods.*, No. 01-cv-5657, 2002 WL 31385826, at *5 (S.D.N.Y. Oct. 22, 2002)) .................................................................................................................................................7
*Fitzpatrick, Inc. v. Long Is. R.R. Co.*, 70 N.Y.2d 382, 388, 521 N.Y.S.2d 653, 516 N.E.2d 190 (1987) ..............................................................................................................................................12
*Goldemberg v. Johnson & Johnson Consumer Cos., Inc.*, 8 ................................................................12
*Goldman v. Metropolitan Life Ins. Co.*,5 N.Y.3d 561, 572, 807 N.Y.S.2d 583, 841 N.E.2d 742 (2005) ..............................................................................................................................................12
*Green v. Covidien LP*, No. 18 Civ. 2939 (PGG), 2019 WL 4142480, at *5 (S.D.N.Y. Aug. 30, 2019) ................................................................................................................................................11
Gummo v. Village of Depew, 75 F.3d 98, 107 (2d Cir.1996)) ..........................................................6
*IMG Fragrance Brands, LLC v. Houbigant, Inc.*, 679 F. Supp. 2d 395, 411 (S.D.N.Y. 2009 .......7
*IMG Fragrance Brands, LLC v. Houbigant, Inc.*, 679 F. Supp. 2d 395, 411 (S.D.N.Y. 2009)......7
*In re Coyle*, 21 Misc.3d 742, 745, 864 N.Y.S.2d 765, 768 (Sur.2008).........................................13
*Kasper Glob. Collection & Brokers, Inc. v. Glob. Cabinets & Furniture Mfrs. Inc.*, 952 F. Supp. 2d 542, 570 (S.D.N.Y. 2013)..........................................................................................................7
*Langer v. Well Done, Ltd.*, 11 Misc. 3d 1056(A), 815 N.Y.S.2d 494 (Table), at *2 (Sup. Ct., Nassau County Jan. 31, 2006))......................................................................................................11
*LeBoeuf, Lamb, Greene & MacRae, L.L.P. v. Worsham*, 185 F.3d 61, 64 (2d Cir. 1999) .............7
N.Y. Jur. 2d Accounts & Accounting § 10 (West 2011).................................................................7
*Nat'l Econ. Research Associates, Inc. v. Purolite C Corp.*, No. 08-cv-7600, 2011 WL 856267, at *3 (S.D.N.Y. Mar. 10, 2011) ..........................................................................................................7
*Premier Steel, Inc. v. Hunterspoint Steel LLC*, No. 10-cv-4206, 2010 WL 5248583, at *3 (S.D.N.Y. Dec. 16, 2010))...............................................................................................................8
Restatement (Second) of Contracts § 282(1) (1981) ........................................................................7
Richardson v. Selsky, 5 F.3d 616, 621 (2d Cir.1993) .......................................................................6
*Schulz v. Dattero*, 104 A.D.3d 831, 833, 961 N.Y.S.2d 308, 312 (2d Dep't 2013).......................13
*Scott v. Fields*, 85 A.D.3d 756, 757, 925 N.Y.S.2d 135, 137 (2d Dep't 2011)) .............................13
*Thyroff v. Nationwide Mut. Ins. Co.*, 360 Fed.Appx. 179, 180 (2d Cir.2010) ..............................13

*United Capital Funding Corp. v. New York City Dep't of Educ.*, 457 Fed.Appx. 53, 54-55 (2d Cir. 2012)..................................................................................................................7

**Rules**

Fed.R.Civ.P. 56(c)……………………………………………………………………….6
New York Uniform Commercial Code Section 2-314(1)………………………………….11

Defendant, Gervonta Davis (hereinafter "Answering Defendant"), by and through his attorney, Arnold C. Joseph, Esq., hereby submits this his Memorandum of Law in support of his opposition to Plaintiff's Motion for Partial Summary Judgement and in support thereof states as follows:

I. **INTRODUCTION**

Plaintiff, a jeweler, has instituted a five count Complaint against Gervonta Davis (hereinafter "Davis" or "Defendant") to recover damages which Plaintiff alleges it suffered by virtue of Defendant's failure to remit payment to Plaintiff for three pieces of jewelry. The specific pieces, and their associated prices are: 1. one tennis chain ($87,000); 2. one charm ($100,000); and 3. one watch ($260,000) (hereinafter the "Watch"). Davis, through his Answer to the Complaint, has interposed several affirmative defenses related, in large part, to the defective condition of the Watch at the time that Plaintiff sold it to Davis.

Plaintiff has moved for the entry of Partial Summary Judgement on counts two, three, four and five of its Complaint alleging primarily that the undisputed facts establish its claim for Account Stated (Count 5); or in the alternative if the facts do not support such a finding, then the Court should find that the undisputed facts lead to the conclusions that Davis breached his contract with Plaintiff (Count 2); was unjustly enriched (Count 3); or that Davis converted the property. Davis acknowledges receipt of the three items and that neither the bracelet nor charm were defective or damaged at the time of receipt. Indeed, Davis, through counsel has offered to pay for those two items, however Plaintiff, through its counsel, has refused to accept the partial payment.

The Watch, however, is a different matter altogether. The Watch was defective when delivered to Davis; Davis, through his assistant initially advised Plaintiff of the defective

condition within hours of the time that it was delivered to Davis and continued to advise Plaintiff of that defective condition for several months after delivery; and to date Plaintiff has refused to repair or replace the Watch yet demands full payment for the defective Watch. Davis expended money to attempt to repair the Watch. As a result, Plaintiff's claim for Account Stated is not ripe for summary disposition.

Plaintiff has breached the implied warranties of fitness and merchantability and consequently Defendant is not liable to Plaintiff for the full value of the Watch under a breach of contract theory of liability. Plaintiff's claim for Unjust Enrichment is not available because it simply duplicates Plaintiff's contract claim and is therefore legally not cognizable. Plaintiff's claim for conversion is not ripe for summary judgement because Davis legally obtained the Watch and previously attempted to return the Watch.

II. **LEGAL ANALYSIS**

A. **Summary Judgement standard**

Pursuant to Federal Rule of Civil procedure 56, summary judgment may be granted only if there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *SCS Communications, Inc. v. Herrick CO.,* 360 F. 3d 329, 338 (2d Cir. 2004). The court will not try issues of fact on a motion for summary judgment, but rather, will determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251–52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

If, 'as to the issue on which summary judgment is sought, there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party, summary

judgment is improper.' " *Security Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.,* 391 F.3d 77, 83 (2d Cir.2004) (quoting *Gummo v. Village of Depew,* 75 F.3d 98, 107 (2d Cir.1996)).

The moving party has the burden of showing that there are no material facts in dispute, and the court must resolve all ambiguities and draw all reasonable inferences in favor of the party opposing the motion. *Bickhardt v. Ratner,* 871 F.Supp. 613 (S.D.N.Y. 1994). (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). Thus, "summary judgment may be granted only if, upon reviewing the evidence in the light most favorable to the non-movant, the court determines that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." *Richardson v. Selsky,* 5 F.3d 616, 621 (2d Cir.1993).

A material fact is one that would "affect the outcome of the suit under the governing law," and a dispute about a genuine issue of material fact occurs if the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505; *R.B. Ventures, Ltd. v. Shane,* 112 F.3d 54, 57 (2d Cir.1997).

As will be demonstrated below, there are disputes as to material facts which preclude the entry of summary judgement.

B. **Summary judgement on Plaintiff's account stated claim is inappropriate because the evidence shows that there was a dispute as to the quality of the Watch**

Plaintiff has alleged that Defendant is liable to it under a theory of account stated and argues that there is no dispute as to the elements which make up this claim for relief. Davis submits that his timely and continual objections to the account, with respect to the Watch, create a genuine issue of fact which precludes the entry of summary judgement.

"An account stated is a manifestation of assent by debtor and creditor to a stated sum as an accurate computation of an amount due to the creditor." *United Capital Funding Corp. v. New York City Dep't of Educ.*, 457 Fed.Appx. 53, 54-55 (2d Cir. 2012) (citing Restatement (Second)

of Contracts § 282(1) (1981) and 1 N.Y. Jur. 2d Accounts & Accounting § 10 (West 2011)); *see also LeBoeuf, Lamb, Greene & MacRae, L.L.P. v. Worsham*, 185 F.3d 61, 64 (2d Cir. 1999) (holding that an account stated claim "requires an agreement between the parties to an account based upon prior transactions between them") (citation and quotation marks omitted). To prevail on a claim for account stated, the plaintiff must show that: "(1) an account was presented; (2) it was accepted as correct; and (3) the debtor promised to pay the amount stated." *Kasper Glob. Collection & Brokers, Inc. v. Glob. Cabinets & Furniture Mfrs. Inc.*, 952 F. Supp. 2d 542, 570 (S.D.N.Y. 2013) (citing *IMG Fragrance Brands, LLC v. Houbigant, Inc.*, 679 F. Supp. 2d 395, 411 (S.D.N.Y. 2009)

The second and third elements of an account stated claim "may be implied if a 'party receiving a statement of account keeps it without objecting to it within a reasonable time or if the debtor makes partial payment.' " *Kasper Glob. Collection*, 952 F. Supp. 2d at 570 (quoting *IMG Fragrance Brands*, 679 F. Supp. 2d at 411; *LeBoeuf*, 185 F.3d at 64). "[T]o defeat a claim for account stated, a client's objection must be timely made and based on the reasonableness of the fees charged." *Nat'l Econ. Research Associates, Inc. v. Purolite C Corp.*, No. 08-cv-7600, 2011 WL 856267, at *3 (S.D.N.Y. Mar. 10, 2011) (citing *Feldman v. Talon Paint Prods.*, No. 01-cv-5657, 2002 WL 31385826, at *5 (S.D.N.Y. Oct. 22, 2002)); *see also DiMare Homestead, Inc. v. Alphas Co. of New York, Inc.*, No. 09-cv-6644, 2012 WL 1155133, at *22 (S.D.N.Y. Apr. 5, 2012) ("Under New York law, 'an account is not agreed to where the defendant has raised an objection to the plaintiff's billings or the quality of the plaintiff['s] work.' ").

"[A]n allegation of a timely objection to the account, whether ultimately meritorious or not, will generally defeat a summary judgment motion on an account stated." *Kasper Glob. Collection*, 952 F. Supp. 2d at 570-71 (citing *Premier Steel, Inc. v. Hunterspoint Steel LLC,* No.

10-cv-4206, 2010 WL 5248583, at 3(S.D.N.Y. Dec. 16, 2010)). To defeat summary judgment, "[t]he party challenging the account must 'raise specific allegations of protest, indicating when, how, and/or to whom objections were made, along with some indication of the content of the conversation(s) had.' " *Premier Steel*, 2010 WL 5248583, at *3 (citation omitted).

Summary Judgement with respect to Plaintiff's account stated claim is inappropriate because the Watch was defective when given to Davis by the Plaintiff. ("Davis Dep.") at 32:19- 33:7; and 41:10-22. Immediately after receiving the Watch, Davis advised his personal assistant Ravone Littlejohn ("Littlejohn") that when he put the watch on for the first time, on the 28th, the stem of the watch came out and the watch stopped properly functioning. Littlejohn Affidavit ¶5. Davis, through Littlejohn, presented his protest to Plaintiff's representative beginning the day after the watch was delivered. Specifically, On December 29, 2019, Littlejohn called Plaintiff's representative, Buryev, and informed him that the Watch was broken and asked him to either repair or replace it. Littlejohn Affidavit ¶6. On December 30, 2019, Littlejohn sent a text to Buryev as a follow up to their December 29, 2019, telephone call. Littlejohn Affidavit ¶7. Littlejohn attached a picture of the damaged Watch, to the text to Buryev. Littlejohn Affidavit ¶8. Buryev initially did not offer to repair or replace the watch. Littlejohn Affidavit ¶9.

In late January 2020, Davis was residing in Los Angeles, California at which time Davis had his other assistant, Kenneth Purnell, take the Watch to watchmaker Peter Marco ("Marco"), whose office was located in Beverly Hills, California. Littlejohn Affidavit ¶10 and Davis dep 89: 8-22. Marco advised Littlejohn that the watch had several significant defects including, but not limited to missing washers and a broken crown and stem. Marco photographed the Watch and sent those photos to Littlejohn showing the damage. Littlejohn Affidavit ¶11. Littlejohn immediately forwarded those pictures to Buryev and advised him of Marco's findings with

respect to the Watch. Littlejohn Affidavit ¶12. At that point Buryev ceased discussing the defects with Littlejohn and Davis, and instead focused his conversations on his attempts to get Mr. Davis to satisfy the outstanding debt for the jewelry. Littlejohn Affidavit ¶13. Davis ultimately was forced to take the watch to another jeweler to get it repaired and as of the last time that I saw the watch, it had not been fully repaired. Littlejohn Affidavit ¶14. Buryev refused to repair or replace the watch. Littlejohn Affidavit ¶15. In fact, on September 23, 2020 Buryev's counsel Kenneth Murphy confirmed what Buryev had stated to Littlejohn, that is: "..All sales are final". Declaration of Arnold C. Joseph, Esq. ¶

These material facts demonstrate that Davis made a timely objection to the quality (or lack thereof) of the Watch, and if proven would defeat Plaintiff's account stated claim. Consequently, summary judgement is inappropriate.

C. **Genuine issues of fact exist which preclude the entry of Summary Judgement with respect to Plaintiff's Breach of Contract and Conversion claims, and Plaintiff's Unjust Enrichment claim is not legally cognizable**

1. **Plaintiff breached the implied warranty of fitness and merchantability, with respect to the Watch**

Plaintiff, in its second cause of action alleges the existence of a contract between the parties, the subject matter of which is the jewelry, Plaintiff's performance, and Mr. Davis' failure to pay. To prevail in a contract claim under New York law, the plaintiff must prove "(1) the existence of a contract between itself and that defendant; (2) performance of the plaintiff's obligations under the contract; (3) breach of the contract by that defendant; and (4) damages to the plaintiff caused by that defendant's breach." *Diesel Props S.r.l. v. Greystone Bus. Credit II LLC,* 631 F.3d 42, 52 (2d Cir.2011) (citations omitted)

Davis has presented facts, which if established, would counter Plaintiff's breach of contract claim. Specifically, Plaintiff breached the implied warranties of fitness and

merchantability and as a consequence thereof Mr. Davis' obligation to pay for the watch has either been discharged or at the very least, the amount which he should be required to pay should be decreased. Put another way, Plaintiff cannot prevail on its breach of contract claim because it failed to perform its obligation under the contract to deliver to Mr. Davis a defect free, functioning watch. Davis has incurred substantial costs as a result of Plaintiff's breach and certainly should not be required to remit full payment for the Watch to Plaintiff.

Mr. Davis has testified that the Watch was defective at the time that it was given to him by Buryev and Littlejohn, through his affidavit, has corroborated that point. Davis has also alleged that he has expended money in his attempts to repair the Watch in order to make it at least functional. Plaintiff's substantial breach of the agreement, and the damages that Davis has suffered in order to make the watch operational, either discharge or substantially diminish his obligation to perform under the contract.

The implied warranty of merchantability is governed by New York Uniform Commercial Code Section 2-314(1), which provides that "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." Goods are considered merchantable if they are "fit for the ordinary purposes for which such goods are used." N.Y.U.C.C. § 2-314(2)(c). To establish a breach of the implied warranty of merchantability, a plaintiff must show that "a defect in the product was a substantial factor in causing the injury and ... the defect complained of existed at the time the product left the manufacturer or entity in the line of distribution being sued." *DiBartolo v. Abbott Labs.*, 914 F. Supp. 2d 601, 627 (S.D.N.Y. 2012). The alleged defect may arise from "a manufacturing flaw, improper design, or a failure to provide adequate warnings regarding use of the product." *Adesina v. Aladan Corp.*, 438 F. Supp. 2d 329, 345 (S.D.N.Y. 2006) (*quoting Langer v. Well*

*Done, Ltd.*, 11 Misc. 3d 1056(A), 815 N.Y.S.2d 494 (Table), at *2 (Sup. Ct., Nassau County Jan. 31, 2006)). "This standard does not require that the goods be perfect, or that they fulfill [a] buyer's every expectation; it requires only that the goods sold be of a minimal level of quality." *Green v. Covidien LP*, No. 18 Civ. 2939 (PGG), 2019 WL 4142480, at *5 (S.D.N.Y. Aug. 30, 2019) (*quoting Caronia v. Philip Morris* USA, Inc., 715 F.3d 417, 433 (2d Cir. 2013)).

An implied warranty of fitness is created "when a seller knows or has reason to know the particular purpose for which a buyer requires goods, and also knows or should know that the buyer is relying on his special knowledge." *Catalano v. BMW of North America, LLC*, 167 F.Supp.3d 540, 558 (S.D.N.Y 2016) (quoting *Abraham v. Volkswagen of America, Inc.*, 795 F.2d 238, 249 (2d Cir. 1986) ). Unlike the implied warranty of merchantability, an implied warranty of fitness does not exist by default. *See id.* (noting that "the implied warranty of fitness for a particular purpose "does not arise in every consumer sale"). If "the particular purpose for which goods are to be used coincides with their general function use, [the] implied warranty of fitness for a particular purpose merges with the implied warranty of merchantability." *APS Technology Inc. v. Brant Oilfield Management & Sales Inc.*, No. 13-cv-6500(LTS), 2015 WL 5707161 (S.D.N.Y. 2014) at *7.

In the present case Plaintiff clearly knew that Davis purchased the Watch so that he could use it to tell time thus invoking both warranties. When it was delivered to him it did not work. These material facts preclude the entry of summary judgement on Plaintiff's breach of contract claim.

2. **Plaintiff's claim for Unjust Enrichment is not legally cognizable**

Plaintiff, in its Third Cause of Action seeks recovery on a claim of Unjust Enrichment. Not only is Plaintiff not entitled to summary judgement on this claim, but Plaintiff is precluded from pursuing the claim because it is duplicative of Plaintiff's breach of contract claim.

Under New York law, a *quasi-contract* theory of unjust enrichment is "an obligation the law creates in the absence of any agreement." Id. (quoting *Goldman v. Metropolitan Life Ins. Co.*,5 N.Y.3d 561, 572, 807 N.Y.S.2d 583, 841 N.E.2d 742 (2005)) (emphasis in original). As the New York Court of Appeals put it, "[t]he existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi contract for events arising out of the same subject matter." *Clark–Fitzpatrick, Inc. v. Long Is. R.R. Co.*, 70 N.Y.2d 382, 388, 521 N.Y.S.2d 653, 516 N.E.2d 190 (1987) (citing *Blanchard v. Blanchard*,201 N.Y. 134, 138, 94 N.E. 630 (1911)); see also *Blum v. Spaha Capital Mgmt., LLC*, 44 F.Supp.3d 482, 496–97 (S.D.N.Y.2014) (dismissing plaintiff's unjust enrichment claim where a valid, enforceable contract existed).

A claim for unjust enrichment is "not available where it simply duplicates, or replaces, a conventional contract ... claim." *Goldemberg v. Johnson & Johnson Consumer Cos., Inc.*, 8 F.Supp.3d 467, 483 (S.D.N.Y.2014) (quoting *Corsello*, 18 N.Y.3d at 790, 944 N.Y.S.2d 732, 967 N.E.2d 1177). "[U]njust enrichment is not a catchall cause of action to be used when others fail." *Corsello*, 18 N.Y.3d at 790–91, 944 N.Y.S.2d 732, 967 N.E.2d 1177 (characterizing plaintiff's claim for unjust enrichment as duplicative because it would succeed or fail exactly the same as plaintiff's other, related claims of actionable wrongs).

Plaintiff has alleged the existence of a written contract between Plaintiff and Defendant which governs this matter. Plaintiff's second and third causes of action cannot coexist, and consequently summary judgement would be inappropriate.

3. **Material issues of fact exist which preclude the entry of Summary Judgement with respect to Plaintiff's Conversion claim**

Plaintiff, in its Fourth cause of action alleges that Davis converted the items of jewelry because he has failed to pay for the jewelry. Plaintiff, however, fails to acknowledge Davis' repeated attempts to return the jewelry to Plaintiff, Plaintiff's refusal to accept the jewelry and its impact on a claim for conversion. According to New York law, "[c]onversion is the unauthorized assumption and exercise of the right of ownership over goods belonging to another to the exclusion of the owner's rights." ' " *Thyroff v. Nationwide Mut. Ins. C*o., 360 Fed.Appx. 179, 180 (2d Cir.2010) (quoting *Thyroff v. Nationwide Mut. Ins., Co*., 460 F.3d 400, 403–04 (2d Cir.2006)). Thus, to prove a claim of conversion, " 'the plaintiff must show legal ownership or an immediate superior right of possession to a specific identifiable thing and must show that the defendant exercised an unauthorized dominion over the thing in question ... to the exclusion of the plaintiff's rights.' " *Schulz v. Dattero*, 104 A.D.3d 831, 833, 961 N.Y.S.2d 308, 312 (2d Dep't 2013) (quoting *Scott v. Fields*, 85 A.D.3d 756, 757, 925 N.Y.S.2d 135, 137 (2d Dep't 2011)).

If a defendant acquired the disputed property lawfully, it is an essential element of the conversion claim that the plaintiff has first demanded the return of the property and been rebuffed by the defendant. *In re Coyle*, 21 Misc.3d 742, 745, 864 N.Y.S.2d 765, 768 (Sur.2008). Davis attempted to return the items on numerous occasions after the defects were discovered and Plaintiff's principal refused those requests, therefore summary judgement as to this count is not appropriate.

**CONCLUSION**

For the reasons stated herein Defendant requests that this Court deny Plaintiff's Motion for Partial Summary Judgement in its entirety.

                                                      RESPECTFULLY SUBMITTED

By: *Arnold Joseph*
      Arnold C. Joseph, Esquire
      Joseph & Associates
      1801 Market Street
      Suite 2500
      Philadelphia, Pa., 19103
      Attorneys for Answering Defendant
      Tel. (215) 380-8334
      joseph@josephandassoc.com