```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
ELIANTTE & CO,                      :
                                    :
                Plaintiff,          :
                                    :   20 Civ. 11113 (VM)
      - against -                   :
                                    :
GERVONTA DAVIS,                     :   DECISION AND ORDER
                                    :
                Defendant.          :
------------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

Plaintiff Eliantte & Co. ("Eliantte") brought this action against Gervonta Davis ("Davis") alleging fraud (Count I), breach of contract (Count II), unjust enrichment (Count III), conversion (Count IV), and account stated (Count V). (See "Compl.," Dkt. No. 1 ¶¶ 20-59.) Now before the Court is Eliantte's motion for partial summary judgment on Counts II through V pursuant to Rule 56(a) of the Federal Rules of Civil Procedure. (See "Motion," Dkt. No. 39; see also Dkt. No. 43.) For the reasons set forth below, the Court concludes that Eliantte's Motion is GRANTED as to Count V and Counts II through IV are dismissed without prejudice. Accordingly, Davis is liable for an account stated in the amount of $486,671.25 plus interest.

# I. BACKGROUND

A. FACTUAL BACKGROUND[1]

Eliantte is a New York based jewelry company that Davis, a professional boxer, commissioned in late 2019 to manufacture custom jewelry pieces including a diamond encrusted charm (the "Charm"), a diamond encrusted tennis chain (the "Chain"), and a Richard Mille RM 11 diamond encrusted watch (the "Watch"). On December 2, 2019, Eliantte sent Davis an invoice totaling $486,671.25 for these custom jewelry pieces (the "Jewelry").

Elliot Buryev ("Buryev") is the principal and sole owner of Eliantte. On December 28, 2019, Buryev delivered the Jewelry to Davis at a boxing match in Atlanta, Georgia in exchange for a personal check in the amount of $486,671.25 payable to Eliantte and signed by Davis. Davis asked Buryev to wait five days to deposit the check because he was awaiting payment for a boxing match. Buryev waited the five days, but when he deposited the check, it was returned for insufficient funds. To this date, Eliantte has not received payment for

---

[1] The factual recitation set forth below is confined to the facts in Eliantte's Local Rule 56.1 Statement (see "SUMF," Dkt. No. 43) that Davis does not dispute. (See Dkt. No. 47.) Certain facts that the parties dispute (or purportedly dispute) are examined in Part III below. Unless specifically quoted or otherwise cited as necessary, no other citation to Eliantte's Local Rule 56.1 Statement will be made.

any of the items, nor has Davis returned the Jewelry to Eliantte.

At some point after receiving the Jewelry, Davis's personal assistant, Ravone Littlejohn ("Littlejohn"), called and texted Buryev to inform him of an issue with the Watch. The parties dispute the timing of this communication and whether Littlejohn reported that the issue with the Watch was caused by Davis or by Eliantte's craftsmanship. No complaints have been made as to the Charm or Chain.

After numerous attempts to collect payment, (see e.g., Dkt. Nos. 40-3 at 10-11), Eliantte engaged counsel in January 2020. (See Dkt. No. 40-12; 41 ¶ 3.) The parties contemplated a settlement agreement through counsel for the full amount of the invoice, $486,671.25, paid in installments, (see Dkt. No. 40-12 at 4-5), but discussions fell apart and no settlement was reached. Eliantte then brought this action against Davis on December 31, 2020.

B. PARTIES' ARGUMENTS

Eliantte seeks partial summary judgment on the basis that the undisputed evidence in this case establishes a claim under New York law for account stated -- Eliantte presented the invoice for the Jewelry to Davis and Davis did not timely object to the invoice or the Jewelry. (See "Pl. Mem.," Dkt. No. 42 at 10-13.) Eliantte maintains that it never received

any complaint from Davis as to the Watch until September 23, 2020. (See id. at 11 n.3.) Even if an issue of fact exists as to whether Davis timely objected, Eliantte contends that Davis's repeated assurances that he would pay Eliantte establish assent to the account stated. (See id. at 13-14.) Alternatively, Eliantte moves for summary judgment on the claims of breach of contract, unjust enrichment, or conversion. (See id. at 14-15.) As for damages, Eliantte seeks compensatory damages in the amount of $486,671.25 and pre-judgment interest at the statutory rate of nine percent per year. (See id. at 15-16.)

Davis contends that for the past several months he has advised Eliantte that the Watch is defective, but Eliantte has refused to repair or replace the Watch, making the account stated claim not yet ripe for summary judgment. (See "Def. Mem.," Dkt. No. 46 at 6.) As for the other items, Davis alleges that he has offered to pay for the Charm and the Chain, but Eliantte refused payment. If the Court were to entertain Eliantte's alternative theories of relief, Davis contends that a breach of contract claim fails because Eliantte breached the implied warranties of fitness and merchantability, an unjust enrichment claim fails because this claim is duplicative of the breach of contract claim,

and a conversion claim is not yet ripe because Davis has attempted to return the watch. (See id.)

## II. LEGAL STANDARD

In connection with a motion for summary judgment under Federal Rule of Civil Procedure 56, "[s]ummary judgment is proper if, viewing all the facts of the record in a light most favorable to the non-moving party, no genuine issue of material fact remains for adjudication." Samuels v. Mockry, 77 F.3d 34, 35 (2d Cir. 1996) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-50 (1986)). The role of a court in ruling on such a motion "is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party." Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 11 (2d Cir. 1986).

The moving party bears the burden of proving that no genuine issue of material fact exists or that, because of the paucity of evidence presented by the nonmovant, no rational jury could find in favor of the nonmoving party. See Gallo v. Prudential Residential Servs., L.P., 22 F.3d 1219, 1223-24 (2d Cir. 1994). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the

5

requirement is that there be no genuine issue of *material* fact." Anderson, 477 U.S. at 247-48.

In determining whether the moving party is entitled to judgment as a matter of law, the court must "resolve all ambiguities and draw all justifiable factual inferences in favor of the party against whom summary judgment is sought." Major League Baseball Props., Inc. v. Salvino, Inc., 542 F.3d 290, 309 (2d Cir. 2008). Though a party opposing summary judgment may not "rely on mere conclusory allegations nor speculation," D'Amico v. City of New York, 132 F.3d 145, 149 (2d Cir. 1998), summary judgment is improper if any evidence in the record allows a reasonable inference to be drawn in favor of the opposing party. See Gummo v. Village of Depew, 75 F.3d 98, 107 (2d Cir. 1996).

### III. DISCUSSION

Eliantte moves for partial summary judgment primarily on Count V in this action, a claim for account stated, and alternatively on Counts II through IV, which are claims for breach of contract, unjust enrichment, and conversion. For the reasons discussed below, the undisputed facts demonstrate that summary judgment in favor of Eliantte on Count V is appropriate.

A. ACCOUNT STATED

"Under New York law, an 'account stated' refers to a promise by a debtor to pay a stated sum of money which the parties had agreed upon as the amount due." White Diamond Co., Ltd. v. Castco, Inc., 436 F. Supp. 2d 615, 623 (S.D.N.Y. 2006). "There can be no account stated . . . where any dispute about the account is shown to have existed," Abbott, Duncan & Wiener v. Ragusa, 625 N.Y.S.2d 178 (App. Div. 1st Dep't 1995), which includes "objection to . . . the quality of the plaintiff's work." United Cap. Funding v. N.Y.C. Dep't of Educ., 457 Fed. App'x 53, 55 (2d Cir. 2012) (collecting cases).

To recover on a claim for an account stated, a plaintiff must prove that: "(1) an account was presented; (2) it was accepted as correct; and (3) debtor promised to pay the amount stated." IMG Fragrance Brands, LLC v. Houbigant, Inc., 679 F. Supp. 2d 395, 411 (S.D.N.Y. 2009). "The second and third requirements (acceptance of the account as correct and a promise to pay the amount stated) may be implied if a party receiving a statement of account keeps it without objecting to it within a reasonable time or if the debtor makes partial payment." Id. (quotations omitted); see also LeBoeuf, Lamb, Greene & MacRae, LLP v. Worsham, 185 F.3d 61, 61 (2d Cir. 1999). Assent may also be implied by "assurances of payment

7

after receipt of an account stated." White Diamond Co., Ltd. v. Castco, Inc., 436 F. Supp. 2d 615, 624 (S.D.N.Y. 2006). "Unsubstantiated claims of oral objections do not create a material issue of fact" sufficient to defeat summary judgment, and "[a]n objection to an account stated that is first made only after litigation on the account stated has been commenced is, as a matter of law, not made within a reasonable time." Id. at 623.

Here, Davis does not dispute that he received Eliantte's invoice and failed to remit payment, but instead Davis argues that the Watch was defective, and he timely objected to paying for the allegedly defective good through his assistant, Littlejohn. As support, Davis relies on Littlejohn's declaration that he called Buryev the day after the Watch was delivered, December 29, 2019, to inform Buryev that the Watch was broken and on December 30, 2019, sent a picture of the Watch to Buryev through a text message indicating as such. (See "Littlejohn Decl.," Dkt. No. 48 ¶¶ 6-8; "Exhibit A," Dkt. No. 48-1.) The picture shows a watch with a missing stem with no text explanation. (See Exhibit A.) Davis offers no other evidence to support his defense of timely objection.

Eliantte denies the truth of Littlejohn's statement that in December 2019 he complained to Buryev about the craftsmanship of the Watch. (See "Buryev Reply Decl.," Dkt.

8

No. 49 ¶¶ 4-5.) Instead, Buryev recounts that Littlejohn called him and stated that Davis pulled out the stem of the Watch because Davis did not know how to wind it. (See id.) Littlejohn followed up on this call by sending a picture of the Watch without the stem by text message to Buryev. (See Exhibit A.) Eliantte substantiates this version of events with Davis's testimony that neither Davis nor anyone acting on behalf of Davis objected to the quality of the Watch until after Eliantte engaged counsel and settlement discussions fell apart. (See Pl. Mem. at 11-12; "Davis Depo.," Dkt. No. 41-4 at 47:9-13, 49:9-13, 49:21-25, 52:6-25, 58:10-14.)

In fact, a review of the communications produced in discovery between Buryev and Littlejohn and between Buryev and Davis demonstrates that the parties never discussed the quality of the Watch between December 2019 and September 2020.[2] (See Dkt. Nos. 40-3, 40-4, 40-5; see also Davis Depo. at 60:6-13.) Evidence that after the alleged call in December 2019, Davis and Littlejohn repeatedly assured Buryev through text that he would pay the invoice further undermines Littlejohn's affidavit. (See Dkt. No. 40-3 at 10; Dkt. No. 40-4 at 6; Dkt. No. 40-5 at 7.) At no point did the parties

---

[2] Any complaints made as to the quality of the Watch post-September 2020 would have been after Eliantte engaged counsel to seek payment from Davis.

9

discuss that less than the full invoice amount was due to Eliantte for the Jewelry.

Considering this evidence and Eliantte's proof of each element of an account stated claim, no rational jury could find in favor of Davis. See Gallo, 22 F.3d at 1223-24. Davis's allegations of a defect are insufficient to defeat summary judgment because his claim of a timely objection is unsubstantiated and, in fact, contradicted by Davis's repeated assurances of payment. See White Diamond, 436 F. Supp. 2d at 623-24 (finding "[u]nsubstantiated claims of oral objections do not create a material issue of fact" sufficient to defeat summary judgment and assurances of payment imply assent); see also Darby & Darby, P.C. v. VSI Int'l, Inc., 701 N.Y.S.2d 50, 52 (App. Div. 1st Dep't 2000) (granting summary judgment on account stated claim where defendant relied on "the bare assertion of oral protest contained in the unsupported affidavit of defendant"), aff'd 739 N.E.2d 744 (N.Y. 2000). Neither this unsubstantiated alleged oral objection in December 2019, nor any other objection made through counsel after September 2020, see White Diamond, 436 F. Supp. 2d at 623, raise genuine disputes of material fact that Davis timely objected to the invoice. The Court finds Eliantte is entitled to judgment on the underlying invoice in this matter in the amount of $486,671.25 plus interest at the

statutory rate of nine percent. See N.Y. C.P.L.R. §§ 5001, 5004.

Because the relief sought by Elliante on its claims for breach of contract, unjust enrichment, and conversion against Davis is identical to the relief it seeks under its account stated claim, Counts II through IV are dismissed without prejudice.

### IV. ORDER

Accordingly, for the reasons stated above, it is hereby

**ORDERED** that the motion (Dkt. No. 38) of plaintiff Eliantte & Co. ("Eliantte") for partial summary judgment is **GRANTED** as to Count V of the complaint (Dkt. No. 1); and it is further

**ORDERED** that judgment shall be entered in favor of Eliantte against defendant Gervonta Davis in the amount of $486,671.25 plus interest at the statutory rate of nine percent per year from the date of the underlying invoice until the date of payment.

The Clerk of the Court is directed to terminate all pending motions.

**SO ORDERED.**

Dated: New York, New York
      31 May 2022

_____
Victor Marrero
U.S.D.J.